IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE WONGUS,<br>　　　　　Plaintiff,<br>　v.<br><br>CORRECTIONAL EMERGENCY<br>　RESPONSE TEAM ("CERT"), JANE AND/<br>OR JOHN DOE CERT TEAM<br>MEMBER(S), SUPERINTENDENT<br>TAMMY FURGUSON, MAJOR BOWMAN,<br>AND THOSE WHOSE INVOLVEMENTS<br>AND/OR IDENTITIES ARE PRESENTLY<br>　NOT KNOWN<br>　　　　　Defendants. | CIVIL ACTION NO. 18-4445 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                            **July 19, 2019**

*Pro se* Plaintiff Terrance Wongus has filed this civil action asserting claims under 42 U.S.C. §§ 1983 and 1985, as well as a claim of intentional infliction of emotional distress against Correctional Emergency Team ("CERT"), Jane and/or John Doe Cert Team Member(s), Superintendent Tammy Ferguson (spelled "Furguson" in the Complaint) and Major Scott Bowman, alleging that he was deprived of his personal property during his transfer from one State Correctional Institution ("SCI") to another. Defendants Superintendent Ferguson and Major Bowman have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the following reasons the motion will be granted.

**I.    Background**

Plaintiff's *pro se* Complaint alleges the following facts, which are assumed to be true for purposes of deciding the motion to dismiss. On July 15, 2018, Defendant Doe CERT Member ordered Plaintiff to relinquish his personal and legal property as part of his transition from SCI-Graterford to SCI-Phoenix. When Plaintiff's personal and legal property was returned to him

various items were missing, including clothing, toiletries, and twenty-two family photos. Plaintiff did not receive a confiscation receipt for his missing property. On August 12, 2018, Plaintiff was going through his legal property and found one of the photos of his family that had been missing, with a swastika drawn over his mother. Plaintiff alleges that he filed timely grievances internally and exhausted all available administrative remedies.

## II. Legal Standard

### A. Federal Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. The plaintiff bears the burden of persuading the court that it has subject matter jurisdiction.[1] "[T]he district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluate for itself the merits of the jurisdictional claims.'"[2]

### B. Federal Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief."[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not, however, bound to accept as true legal conclusions

---

[1] *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).

[2] *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) (brackets omitted).

[3] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007).

[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

framed as factual allegations.[5] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] Deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[8]

## III. DISCUSSION

### A. The Eleventh Amendment

Defendants argue that the Court lacks subject matter jurisdiction because under the Eleventh Amendment to the United States Constitution, an individual cannot sue a state, a state agency, or a state officer for money damages in federal court unless the state consents.[9] The Eleventh Amendment does not bar claims against a state officer in his official capacity for prospective injunctive relief or claims against state officials in their individual capacity for money damages.[10] Thus, to the extent Plaintiff seeks money damages from Defendants in their official capacities, those claims must be dismissed.

### B. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative

---

[5] *Twombly*, 550 U.S. at 555, 564.

[6] *Id.* at 570.

[7] *Id.* at 562 (internal quotation marks and citations omitted).

[8] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels*, F. App'x. 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[9] *Walker v. Mathis*, 615 F. App'x 140, 144 n.3 (3d Cir. 2016).

[10] *Hafter v. Melo*, 502 U.S. 21, 30–31 (1991); *J.C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016).

3

remedies before challenging prison conditions in federal court.[11] An inmate must still exhaust all administrative remedies even if the relief a prisoner is seeking cannot be granted from grievance procedures.[12] However, if prison staff prevents a prisoner from taking advantage of administrative procedures, then that procedure is not considered "available."[13] Failure to exhaust is an affirmative defense that a plaintiff is not required to plead or demonstrate in the complaint.[14]

Here, Plaintiff alleges that he filed timely grievances, which are attached as exhibits to the Complaint, and exhausted all administrative remedies.[15] Plaintiff also alleges Superintendent Ferguson suspended certain aspects of the inmate grievance system thereby making them unavailable to him. This is sufficient at this stage of the litigation, and the Court declines to convert the motion to dismiss into a motion for summary judgment at this time.

**C. Federal Constitutional Claims Under 42 U.S.C. § 1983 (Counts I and III)**

To be liable under § 1983, a defendant must act under the color of state law and deprive a plaintiff of his federal constitutional or statutory rights.[16] A civil rights complaint is pleaded adequately when it includes the conduct, time, place and persons responsible.[17]

---

[11] 42 U.S.C. § 1997e.

[12] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[13] *See Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (alleging security officials told Plaintiff to wait for termination of their investigation before starting a claim, but never notified Plaintiff their investigation ended thereby making the procedure unavailable to Plaintiff).

[14] *Jones v. Bock*, 549 U.S. 199, 212 (2007).

[15] Compl. ¶¶ 10-11.

[16] 42 U.S.C. § 1983.
[17] *Evancho v. Fisher*, 423 F.3d 347, 352 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

*1. Eighth Amendment claim about the loss of property*

Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated through the stealing of his family photographs.[18] An Eighth Amendment violation occurs when a "sufficiently serious" deprivation exists, that evidences deliberate indifference to inmate health or safety.[19] A sufficiently serious deprivation is described as the denial of the minimal necessities for life such as adequate food, clothing, shelter and medical care.[20] Deliberate indifference is commonly equated to recklessness, meaning an official is aware of and disregards a substantial risk to an inmate's health or safety.[21] The alleged confiscation of Plaintiff's family photographs does not deprive Plaintiff of the necessities of life for purposes of an Eighth Amendment claim.[22]

*2. Fourteenth Amendment claim concerning the loss of property*

Under the Fourteenth Amendment, an individual is entitled to due process of law before the government deprives an individual of life, liberty and property.[23] The touchstone of a Fourteenth Amendment due process clause claim is that an individual is granted a right to be heard before the deprivation of his property interests.[24] However, the Supreme Court has held that claim cannot be stated under § 1983 for the deprivation of personal property, whether

---

[18] Compl. ¶ 13.

[19] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)).

[20] *Id.* at 832, 834.

[21] *Id.* at 837. The Third Circuit has held that depriving an inmate of religious paintings and uttering religious slurs does not amount to a cognizable Eighth Amendment claim. *Durham v. Dep't of Corrections*, 173 F. App'x. 154, 156 (3d Cir. 2006).

[22] *Durham*, 173 F. App'x at 156.

[23] U.S. Const. amend. XIV, § 1, cl. 3.

[24] *Parratt v. Taylor*, 451 U.S. 527, 540 (1981).

5

negligent or intentional, if a sufficient post-deprivation remedy for the loss exists.[25] A prison grievance procedure is not a constitutionally mandated right, but is sufficient for a post-deprivation remedy, and the allegedly improper handling of grievances does not constitute a claim under § 1983.[26] Here, Plaintiff has not alleged a lack of post-deprivation remedies, and the alleged improper handling of Plaintiff's grievance also does not constitute a § 1983 claim. Plaintiff also may be able to assert a claim in state court for the alleged loss and destruction of his property.[27]

*3. First Amendment claim regarding the loss of personal property*

Plaintiff alleges that he had a First Amendment right to possess the only photograph of his deceased grandparents, which was taken from him.[28] Liberally construed, Plaintiff may be seeking to allege a violation of the right to associate under the First Amendment, which implicitly protects certain personal relationships, such as those among family members, that are rooted in deep emotional attachment.[29] Although the photograph is understandably important to Plaintiff, the actions of the prison employees did not inhibit Plaintiff's relationships with his family members, and no First Amendment claim has been stated.

---

[25] *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 486 U.S. 517. 533 (1984); *Rossiter v. Andrews*, No. 96-6257, 1997 WL 137195, *4 (E.D. Pa 1997) (citing *Parratt v. Taylor*, 451 U.S. 527, 542 (1981)).

[26] *See Williams v. Armstrong*, 566 F. App'x. 106, 109 (3d Cir. 2014). The destruction of paintings and pictures and the theft of a photograph do not violate due process where sufficient post-deprivation procedures exist. *Tapp v. Proto,* 718 F. Supp. 2d 598, 623-24 (E.D. Pa. 2010) (holding that stealing an inmate's photograph did not amount to a due process claim because am adequate post-deprivation remedy existed); *Ramos v. Vaughn*, No. 94-2596, 1995 WL 386573, at *7-*8 (E.D. Pa. Jun. 27, 1995) *aff'd,* 85 F.3d 612 (3d Cir. 1996) (holding that the presence of internal grievance procedures meant the destruction of plaintiff's paintings and pictures by corrections officers did not amount to a due process claim). *See also Tormasi v. Hayman*, 443 F. App'x. 742, 746 (3d Cir. 2011) (holding the confiscation of a prisoner's patent did not violate his due process rights because an adequate post-deprivation remedy already existed).

[27] 42 Pa. Con. Stat. § 8522(b)(3).

[28] Compl. ¶ 13.

[29] *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-19 (1984).

*4. Eighth Amendment claim regarding the defacement of family photograph*

Plaintiff also alleges that correctional facility staff violated his Eighth Amendment right to be free from cruel and unusual punishment by defacing his family photo with a swastika.[30] Assuming the truth of the allegation, the drawing of a vile and indefensible symbol on a prisoner's property is repugnant and detrimental to the orderly administration of a prison, and should be cause for serious disciplinary action against the responsible party, if known. Nevertheless, although the incident was understandably distressing to Plaintiff, Plaintiff has not alleged any facts to show that it substantially affected Plaintiff's health or safety, and therefore it does not rise to the level of an Eighth Amendment violation.[31]

**D. Federal Constitutional Claims Under §1985(3) (Count II)**

Section 1985(3) allows civil actions against individuals who conspire "for the purposes of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[32] To state a conspiracy claim, Plaintiff must have a claim of an underlying constitutional injury.[33] Furthermore, the conspiracy claim must illustrate an agreed-upon "'intent to deprive of equal protection, or equal privileges and immunities,'" in conjunction with "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"[34] Thus, Plaintiff must allege facts showing that "the

---

[30] Compl. ¶ 13.

[31] *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that "the display of white pillowcase hoods, Nazi salutes, and the posting of an offensive picture, while unprofessional and reprehensible, do not amount to a violation of constitutional rights"); *Lindsey v. O'Connor*, 327 F. App'x. 319, 320-21 (3d Cir. 2009) ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment.").

[32] 42 U.S.C. § 1985(3).

[33] *Durham,* 173 F. App'x. at 157.

[34] *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971) (emphasis omitted).

conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious."[35]

Here, Plaintiff alleges generally that the defendants conspired to deprive him of the equal privileges of the laws, without allegations of specific actions, agreement, or discriminatory animus, and has not alleged a plausible conspiracy claim.[36]

### E. Intentional Infliction of Emotional Distress (Count IV)

Plaintiff brings a state law claim of intentional infliction of emotional distress.[37] However, state agencies in Pennsylvania are generally shielded by sovereign immunity.[38] "Pursuant to section 11 Article I of the Constitution of Pennsylvania, . . . the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."[39] The Commonwealth has not waived this immunity for intentional torts.[40] Plaintiff alleges the source of the intentional infliction of emotional distress to be Defendants Tammy Ferguson, CERT, and various other Doe CERT members.[41] Plaintiff fails to state a cognizable claim to be heard in federal court since Pennsylvania has not waived its right to sovereign immunity.[42]

---

[35] *Farber*, 440 F.3d at 135.

[36] *See id.*

[37] Compl. ¶¶ 22-24.

[38] 1 Pa. Con. Stat. § 2310.

[39] *Id.*

[40] Muhammad v. DeBalso, No. 19-666, 2019 WL 2501467, at *3 (M.D. Pa. June 17, 2019) (internal quotation omitted).

[41] Compl. ¶ 24.

[42] *See* 1 Pa. Con. Stat. § 2310.

**F. Supervisory Liability**

As set forth above, Plaintiff has failed to allege a claim upon which relief may be granted. Moving Defendants also argue for purposes of the federal claims that Plaintiff has failed to allege that these Defendants were personally involved, either through "allegations of personal direction or actual knowledge and acquiescence . . . with appropriate particularity."[43] Supervisory liability "cannot be predicated solely on operation of *respondeat superior*,"[44] and mere assertions that a defendant is supposed to supervise other defendants are not sufficient to state a claim for supervisory liability.[45] The internal filing of a grievance is not enough to impute actual knowledge to a supervisor.[46]

Plaintiff alleges generally that the actions of Defendant Bowman and other Corrections officers were done under the supervision of Superintendent Ferguson and asserts in conclusory terms that Superintendent Ferguson "joined in and encouraged, if not spearheaded, the conspiracy" amongst the CERT members and "shirk[ed] her responsibility."[47] These general allegations do not provide a basis for determining that Superintendent Ferguson was personally involved in the deprivation of Plaintiff's property, and provide a separate basis for dismissal. Plaintiff alleges that Defendant Bowman was in charge of the CERT Members, was supposed to direct CERT Members to wear their nametags and worked side-by-side with CERT on the day

---

[43] *Id.*

[44] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[45] *Id.* at 1208.

[46] *Id.*

[47] Compl. ¶ 17.

Plaintiff turned over his personal and legal property, which may be sufficient to allege personal involvement if a viable claim were alleged.[48]

## IV. CONCLUSION

For the foregoing reasons, Superintendent Ferguson's and Major Bowman's motion to dismiss is granted. The Third Circuit has held that leave to amend must be granted "irrespective of whether it is requested…unless doing so would be inequitable or futile."[49] The Court will permit Plaintiff to file an amended complaint if he can do so in conformity with this memorandum.

An order will be entered.

---

[48] *Id.* ¶¶ 4, 9.

[49] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).